IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN RISTON and AMY HARTMAN,  *

 *Plaintiffs*,  *

v.  *   Civil Action No. RDB-17-03766

KURT KLAUSMAIR,  *

 *Defendant.*  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **CORRECTED MEMORANDUM OPINION**

This cases arises out of a roof construction project at Gladden Farm in Harford County, Maryland. On December 20, 2017, Plaintiffs, Mr. John Riston ("Mr. Riston") and Dr. Amy Hartman ("Dr. Hartman"), the property owners, filed suit against the Defendant, Kurt Klausmair ("Mr. Klausmair"), alleging that Mr. Klausmair, a Pennsylvania resident, breached various duties related to his roof construction efforts on the property. (ECF No. 1.) Count I alleges that Mr. Klausmair breached the roof construction contract by making various misrepresentations and performing sub-standard work. (*Id.* at ¶¶ 17-21.) Count II alleges that Mr. Klausmair breached a settlement agreement purportedly reached when the contract was terminated. (*Id.* at ¶¶ 22-25.) Count III alleges that Mr. Klausmair breached a warranty of workmanlike performance. (*Id.* at ¶¶ 26-29.) Finally, Count IV alleges that Mr. Klausmair violated the Maryland Deceptive Trade Practices Act, Md. Ann. Code, Commercial Law § 13-301, *et seq.*, by making various alleged misrepresentations before and during performance of the roofing work. (*Id.* at ¶¶ 30-35.)

Pending now are Mr. Klausmair's Motion to Dismiss (ECF No. 20), the Plaintiffs' Motion to Amend Complaint (ECF No. 23), and the Plaintiffs' Motion for Partial Summary

Judgment on Count II (ECF No. 30). The submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Plaintiffs' Motion to Amend Complaint (ECF No. 23) is GRANTED. Mr. Klausmair's Motion to Dismiss (ECF No. 20), as applied to the three counts and two defendants contained in the Amended Complaint, is MOOT IN PART, GRANTED IN PART, and DENIED IN PART. Specifically, the Amended Complaint removes the warranty claim (Count III of the original Complaint) and adds Klausmair Construction, LLC – thereby rendering moot Mr. Klausmair's challenges on those grounds. Mr. Klausmair's Motion to Dismiss is granted with respect to the contract claims (Counts I and II) due to Plaintiffs' lack of standing, and Counts I and II are DISMISSED WITHOUT PREJUDICE. The Motion to Dismiss is denied as to the Maryland Deceptive Trade Practices Act count (Count III of the Amended Complaint). Count III of the Amended Complaint will therefore proceed against Mr. Klausmair and Klausmair Construction, LLC. Additionally, Mr. Klausmair's request to transfer venue (*see* ECF No. 20 at 13-21) is DENIED as the related Pennsylvania lawsuit filed by Klausmair Construction LLC has been dismissed for lack of personal jurisdiction. Finally, the Plaintiffs' Motion for Partial Summary Judgment on Count II (ECF No. 30) is DENIED.

**BACKGROUND[1]**

Plaintiffs, Mr. Riston and Dr. Hartman, are the owners of the property at 3881 Rocks Station Road in Harford County, Maryland known as the Gladden Farm, which is a historic

---

[1] At the motion to dismiss stage, the court must "accept as true all of the well-pleaded allegations and view the complaint in the light most favorable to the non-moving party." *LeSueur–Richmond Slate Corp. v. Fehrer,* 666 F.3d 261, 264 (4th Cir. 2012). As this Court has not yet granted leave to amend the Complaint, these facts are drawn from the original Complaint, ECF No. 1. Additional facts relevant to Mr. Klausmair's jurisdictional challenge (ECF No. 20) and to Plaintiff's Motion for Partial Summary Judgment (ECF No. 30) are set forth below. *See infra.*

home and farm complex located in Street, Harford County, Maryland. (ECF No. 1 at ¶ 2.) Gladden Farm contains three historically significant structures dating to 1820 and is listed in the National Register of Historic Places in 1993. (*Id.*) The Defendant, Mr. Klausmair, is a resident of Pennsylvania who holds himself out as a roofing and home improvement contractor, but he has not been licensed by the State of Maryland as a home improvement contractor or salesman. (*Id.* ¶¶ 3, 8.)

Based on prior work by Mr. Klausmair, the Plaintiffs discussed with Mr. Klausmair whether he could help them to renovate a building that would serve as the Plaintiffs' home. (*Id.* ¶ 6.) Klausmair assured them that he was qualified to perform the work competently, and he provided them a quote. (*Id.*) Mr. Klausmair sent a contract to Plaintiffs in Maryland for consideration and execution. (*Id.*; Contract, Ex. A, ECF No. 1-1.) The Plaintiffs allege that, at the time of entering into the contract, they were unaware that Mr. Klausmair lacked a license and that the contract itself did not comply with Maryland law because it omitted various required notices, including a Maryland Home Improvement Commission ("MHIC") license number for Defendant. (ECF No. 1 at ¶¶ 9, 32.) Upon execution of the contract, Plaintiffs provided Mr. Klausmair with a $100,000 deposit. (*Id.* ¶ 10.)

Within weeks of the start to the roofing work, other contractors started complaining to Plaintiffs about issues with the roofing work. (*Id.* ¶ 12.) Mr. Klausmair eventually agreed to visit the property to inspect the work. (*Id.* ¶ 13.) Upon Mr. Klausmair's visit, the Plaintiffs confronted Klausmair about his lack of a Maryland license and the work performance, and they demanded a refund of the deposit. Plaintiffs allege that Mr. Klausmair "agreed with Plaintiffs to terminate and settle their disagreement by having Plaintiffs return to him the copper flashing stored on the jobsite in exchange for his returning to Plaintiffs the $100,000

3

deposit they provided." (*Id.* ¶ 23.) Plaintiffs then provided the flashing, which Klausmair placed in his truck. (*Id.* ¶ 14.) Mr. Klausmair gave Plaintiffs the $100,000 check and left. (*Id.*; Copy of Check, Ex. B, ECF No. 1-2 at 2.)

However, when Plaintiffs attempted to deposit the check, it was dishonored as Mr. Klausmair had apparently "stop[ped] payment" on the check. (*Id.* ¶ 15; Ex. B, ECF No. 1-2.) In order to mend the defective roof, Plaintiffs arranged to have other workers repair the problems. (*Id.* ¶ 16.) Plaintiffs also hired a new roofer who, along with Plaintiffs' architect, "confirmed the shortcomings of Klausmair's installation and workmanship." (*Id.*)

On December 20, 2017, Plaintiffs filed suit against the Mr. Klausmair alleging that he breached various duties related to his roof construction efforts on the property. (ECF No. 1.) Count I alleges that Mr. Klausmair breached the roof installation contract by making various misrepresentations and performing sub-standard work. (*Id.* at ¶¶ 17-21.) Count II alleges that Mr. Klausmair breached a settlement agreement purportedly reached when the contract was terminated. (*Id.* at ¶¶ 22-25.) Count III alleges that Mr. Klausmair breached a warranty of workmanlike performance. (*Id.* at ¶¶ 26-29.) Finally, Count IV alleges that Mr. Klausmair violated the Maryland Deceptive Trade Practices Act, Md. Ann. Code, Commercial Law § 13-301, *et seq.*, by making various alleged misrepresentations before and during performance of the roofing work. (*Id.* at ¶¶ 30-35.) Pending now are Defendant Klausmair's Motion to Dismiss (ECF No. 20), the Plaintiffs' Motion to Amend Complaint (ECF No. 23), and the Plaintiffs' Motion for Partial Summary Judgment on Count II (ECF No. 30).

# STANDARDS OF REVIEW

## I. Amendments under Rule 15

Under Rule 15(a), a party may amend a pleading once as a matter of course within "21 days after service of a responsive pleading," if such a response is required. Fed. R. Civ. P. 15(a)(1). After this initial window has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While leave to file an amended complaint should be freely given when justice requires, it may be denied where the amendment would be futile. *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010). An amendment is futile when it is insufficient on its face. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). A district court properly denies leave to amend a pleading when a proposed amendment fails to "correct[] the fundamental defect in the complaint." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers,* 18 F.3d 1161, 1164 (4th Cir. 1994).

## II. Motion to Dismiss under Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This jurisdictional attack may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject-matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).[2] In a facial challenge, a court will

---

[2] As discussed below, Defendant's challenge to Plaintiffs' standing presents a *facial* challenge to subject-matter jurisdiction as the Defendants do not dispute alleged facts that sufficiently establish constitutional standing – and thereby subject-matter jurisdiction.

5

grant a motion to dismiss for lack of subject-matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. In making this determination, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).[3]

### III. Motion to Dismiss under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all of the well-pleaded allegations and view the complaint in the light most favorable to [Plaintiff]." *Quintana v. City of Alexandria, et al.*, 692 F. App'x 122, 125 (4th Cir. 2017) (citing *LeSeur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012)); *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017).

Without converting a motion to dismiss to one for summary judgment, a court may consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (internal citations omitted). "When the plaintiff attaches or

---

[3] Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dept. of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000). In resolving a factual challenge raised in a motion to dismiss, the court "should apply the standard applicable to a motion for summary judgment . . . " *Richmond, Fredericksburg & Potomac R.R. v. U. S.*, 945 F.2d 765, 768 (4th Cir. 1991) (internal citations omitted); *see also Parson v. Miles*, No. 17-0708-RBH-KDW, 2018 WL 1477601, at *1 (D.S.C. Mar. 27, 2018).

incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Id.* at 167.

## IV. Motion for Summary Judgment under Rule 56

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if [a] movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists if "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52; *see also Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (explaining that a court must abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial).

## DISCUSSION

Before this Court decides whether to dismiss any claims or parties from this action, this Court will first address Plaintiff's Motion to Amend Complaint (ECF No. 23) in order to establish which counts and parties should even be under consideration.

## I. Motion to Amend Complaint

Plaintiffs filed their Motion to Amend Complaint (ECF No. 23) on May 11, 2018, which was 14 days after Mr. Klausmair filed a Motion to Dismiss (ECF No. 20). In an attempt to resolve two arguments in the Defendant's Motion to Dismiss, the proposed

Amended Complaint removes the breach of warranty claim (Count III in the original Complaint) and adds Klausmair Construction, LLC as a co-defendant to be held jointly and severally liable under each of the three counts. (ECF No. 23-1.)

Defendant concedes that the timing of the motion places the proposed amendment within the 21-day period for amendments as of right under Rule 15(a)(1), but he argues that – by filing a *motion* instead of simply *entering* the Amended Complaint – Plaintiffs have waived the procedural guarantee of Rule 15(a)(1). (ECF No. 28 at 1 (citing *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010); *Glazer v. Chase Home Finance, LLC*, 704 F3d 453, 458 (6th Cir. 2013)).) Defendant asks this Court to exercise its discretion under Rule 15(a)(2) to reject the proposed Amended Complaint *in its entirety* as "futile" based upon the arguments laid out in his briefs in support of his Motion to Dismiss (ECF No. 20).

As an initial matter, it is not clear that the filing of a motion to amend automatically waives the protections of Rule 15(a)(1) in the Fourth Circuit. Indeed, this Court is skeptical that a litigant should be penalized for carefully seeking the Court's confirmation that Rule 15(a)(1) applies. Furthermore, Plaintiffs' motion explicitly asserts, "Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiffs can file this Amended Complaint as of right." (ECF No. 23 at 2.) Waiver of Rule 15(a)(1) in this case is therefore inappropriate. Even if this Court were to exercise discretion under Rule 15(a)(2), "justice" in this case will be efficiently served by first granting leave to amend and then considering what portions, if any, of the Amended Complaint remain viable after analyzing Defendant's Motion to Dismiss. Accordingly, the Plaintiffs' Motion to Amend Complaint (ECF No. 23) is GRANTED.

## II. Motion to Dismiss

In support of his Motion to Dismiss (ECF No. 20), Mr. Klausmair advances numerous grounds for dismissing this action. First, he asserts under Rule 12(b)(1) that this action should be dismissed for lack of subject-matter jurisdiction because the Plaintiffs lack standing to bring any of the claims in the original Complaint. (Def.'s Mem. Mot. Dismiss, ECF No. 21 at 4-10.) Second, the Defendant contends that under Rules 12(b)(6) and 17(a)(1) both Plaintiffs and Mr. Klausmair, individually, are not the "real part[ies] in interest." (*Id.* at 10-13.) Third, Defendant argues that any remaining claims should be filed in or transferred to the United States District Court for the Eastern District of Pennsylvania, where Klausmair Construction, LLC initiated a related suit against Gladden Farm, LLC and Mr. Riston. (*Id.* at 13-21.)

Plaintiffs assert broadly that the Amended Complaint – which shall be formally entered as the operative complaint pursuant to this Memorandum Opinion and accompanying Order – renders moot the entire Motion to Dismiss. (Ps' Mem. Resp., ECF No. 24-1 at 5.) However, the Amended Complaint only addresses two issues raised by the Defendant. In challenging the Court's subject-matter jurisdiction, the Defendant argues that Plaintiffs lack standing to bring a breach of warranty claim (Count III in the original Complaint); the Amended Complaint eliminates this claim entirely (*see* ECF No. 23-1). Defendant has also argued that this action should be dismissed because the Plaintiffs failed to name Klausmair Construction, LLC as defendant, but the Amended Complaint has added this entity as a co-defendant that is jointly and severally liable under all counts of the Amended Complaint. (*Id.*) With only these two contentions rendered moot by the Amended

9

Complaint, this Court will now proceed to address the remainder of Mr. Klausmair's arguments.

## A. Standing

This Court turns first to Mr. Klausmair's argument that Mr. Riston and Dr. Hartman lack standing to bring this suit because only Gladden Farm, LLC was a party to the contracts at issue.[4] The Defendant has not clarified whether his challenge is based on the "injury in fact" requirement of constitutional standing or on the judicial doctrine of prudential standing, which generally prevents a party with constitutional standing from enforcing the rights of third parties. *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 215 (4th Cir. 2002) (quoting *Powers v. Ohio,* 499 U.S. 400, 410–11, 111 S. Ct. 1364 (1991)).[5] This Court will therefore analyze whether at least *one* of the Plaintiffs has *both* forms of standing to bring *each* claim in the Amended Complaint. *Bostic v. Schaefer*, 760 F.3d 352, 370 (4th Cir. 2014).[6]

### 1. Constitutional Standing

Federal jurisdiction under Article III of the United States Constitution is limited to "actual cases or controversies," and the "'irreducible constitutional minimum' of standing

---

[4] One response by the Plaintiffs is essentially that Mr. Klausmair should be judicially estopped from challenging Mr. Riston's standing because Klausmair Construction, LLC has filed a Complaint – verified by Mr. Klausmair – against Mr. Riston (not Dr. Hartman) individually in the Eastern District of Pennsylvania. (*See* ECF No. 24 at 5-6.) Plaintiffs call Mr. Klausmair's inconsistent positions "disingenuous, in bad faith and near sanctionable," (*id.* at 6), but Plaintiffs cite no authority and fail to establish that the U.S. District Court for the Eastern District of Pennsylvania ever "accepted" Mr. Klausmair's factual assertion regarding Mr. Riston being bound under the contracts at issue. *See Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 274 (4th Cir. 2003) (finding that judicial estoppel requires that the first court "accept" the prior factual position). Indeed, the Pennsylvania action was dismissed for lack of personal jurisdiction. *Klausmair Constr., LLC v. Gladden Farm, LLC*, No. 5:18-CV-00358, 2018 WL 3707380, at *5 (E.D. Pa. Aug. 3, 2018). This Court therefore finds judicial estoppel unwarranted in this case.

[5] The Supreme Court recently observed that most of its own decisions suggest that third-party standing remains a matter of prudential standing. *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 127 n. 3, 134 S. Ct. 1377, 1386, 188 L. Ed. 2d 392 (2014). At this stage, constitutional and prudential standing are governed by different standards of review. *See Bluefeld v. Cohen,* No. PX-15-2857, 2017 WL 1546406, at *4 n.2 (D. Md. Apr. 27, 2017), *aff'd*, 697 F. App'x 788 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1701, 200 L. Ed. 2d 958 (2018) (citing *Doe v. Virginia Dep't of State Police*, 713 F.3d 745, 753 (4th Cir. 2013)) (noting that constitutional standing, which goes to subject-matter jurisdiction, generally falls under Rule 12(b)(1) while prudential standing is properly addressed under Rule 12(b)(6)).

[6] As the Supreme Court has emphasized, "standing in federal court is a question of federal law, now state law." *Hollingsworth v. Perry*, 570 U.S. 693, 715, 133 S. Ct. 2652, 2667 (2013).

consists of three elements." *Spokeo, Inc. v. Robinson*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must show (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.* (citing *Lujan*, 504 U.S. at 560-61).[7] Mr. Klausmair's challenge essentially goes to first element, injury in fact. This element is met when a plaintiff demonstrates "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citing *Lujan,* 504 U.S. at 560).

While the Defendant contends that the Plaintiffs were not parties to the contracts at issue, he does not challenge Plaintiffs' allegation that they own Gladden Farm, the property on which Defendant provided his services. Plaintiffs specifically allege, "Plaintiffs, John Riston and Amy Hartman, are the owners of the property at 3881 Rocks Station Road in Harford County, Maryland known as the Gladden Farm" (Am. Compl., ECF No. 23-1 at ¶ 2), and they attach the Deed naming both individuals as the grantees (Ex. A to Am. Compl, ECF No. 23-1 at 12-20). The Defendants allegedly performed "faulty, defective and substandard work" on the Plaintiffs' home, which resulted in over $100,000 dollars in damages, and Defendants stopped payment on a check allegedly intended to remedy those damages. (*Id.* at ¶¶ 1, 16, 18, 24.) These allegations plausibly establish that the Plaintiffs

---

[7] The plaintiff bears the burden of establishing these three elements, *id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596 (1990)), and at the motion to dismiss stage, the complaint must "clearly . . . allege facts demonstrating" each element of standing, *id.* (citing *Warth v. Seldin*, 422 U.S. 490, 500, 95 S. Ct. 2197 (1975)). Constitutional standing goes to the Court's jurisdiction, so this question is governed by Rule 12(b)(1). *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005). Facial challenges under Rule 12(b)(1) implicate the same standard of review as Rule 12(b)(6). *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

suffered an injury in fact sufficient to provide them with constitutional standing for the purpose of all three counts. *Spokeo,* 136 S. Ct. at 1548.[8]

## 2. Prudential (Third-Party) Standing

This Court now turns to the question of whether "the prudential limitation on third-party standing" prevents the Plaintiffs from asserting any of the three claims. *Freilich v. Upper Chesapeake Health, Inc.,* 313 F.3d 205, 215 (4th Cir. 2002)).[9] The United States Court of Appeals for the Fourth Circuit has held that in order to enforce a third party's rights, "a plaintiff must demonstrate: (1) an injury-in-fact; (2) a close relationship between herself and the person whose right she seeks to assert; and (3) a hindrance to the third party's ability to protect his or her own interests." *Id.* (citing *Powers v. Ohio,* 499 U.S. 400, 410–11, 111 S. Ct. 1364 (1991)).[10]

Regarding the contracts at issue in Counts I and II, the Plaintiffs do not assert their *own* contractual rights. While the Plaintiffs allege that they – rather than Gladden Farm, LLC – entered into the construction contract and settlement agreement (ECF No. 1 at ¶¶ 18, 23), the Plaintiffs' own exhibits override this allegation.[11] Specifically, the construction contract was signed by Mr. Riston as the "President" of "Gladden Farm, LLC." (Ex. C to Amended Complaint, ECF No. 23-1 at 26; *see also* ECF No. 1-1 at 3.) Dr. Hartman did not sign the

---

[8] Even if this Court were to consider additional facts and apply the summary judgment standard, the Defendant does not dispute the Plaintiffs' ownership stake in the property. Thus, the issue of who exactly entered into the contracts would be immaterial to the question of injury in fact when the Defendants allegedly damaged a home owned by the Plaintiffs and stopped payment on a check allegedly intended to remedy those damages.

[9] As the question of prudential standing is non-jurisdictional, *United States v. Day,* 700 F.3d 713, 721 (4th Cir. 2012), Rule 12(b)(6) provides the appropriate standard of review. *See Bluefeld,* No. PX-15-2857, 2017 WL 1546406, at *4 n.2; *see also Lexmark* 572 U.S. at 128 n. 4 (suggesting that matters of prudential standing are not jurisdictional).

[10] The Defendant has cited *CX Reinsurance Co. Ltd. v. Levitas,* 207 F.Supp.3d 566, 570 (D. Md. 2016) to distinguish between "third-party beneficiaries" and "incidental beneficiaries," but that insurance contract case does not address standing or apply the three-part test in *Freilich,* 313 F.3d at 215.

[11] This Court may properly consider documents attached to the Amended Complaint as well as documents integral thereto. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Id.* at 167.

contract in any capacity. (*Id.*) Regarding the settlement agreement, the $100,000.00 check from Klausmair Construction was made out to "Gladden Farm," not to either of the Plaintiffs individually. (ECF No. 23-1 at 29.)[12] The Plaintiffs therefore seek to enforce a third party's contractual rights. Under the third requirement in *Freilich*, however, Plaintiffs have failed to allege any hindrance to Gladden Farm, LLC's ability to bring Counts I and II on its own behalf. *Freilich*, 313 F.3d at 215. Mr. Klausmair's Motion to Dismiss (ECF No. 20) is therefore GRANTED IN PART, and Counts I and II are DISMISSED WITHOUT PREJUDICE.[13]

Mr. Klausmair would also have this Court dismiss Count III for the same reason, but "the prudential limitation on third-party standing" only applies if the Plaintiffs' claim under the Maryland Deceptive Trade Practices Act relies on a third party's rights. *Freilich*, 313 F.3d at 215. The initial question of whether these Plaintiffs possess their *own* rights under the statute is a matter of statutory interpretation, not prudential standing or subject-matter jurisdiction. *See Lexmark*, at 572 U.S. at 128 n.3 and n.4 (quoting *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 642–643, 122 S. Ct. 1753, (2002)) (observing that while this issue has been labeled "statutory standing," the "absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction").

---

[12] Furthermore, the Plaintiffs attached a bank record showing "Gladden Farm LLC" as the account holder, not either of the Plaintiffs individually (ECF No. 23-1 at 28), and the Plaintiffs have not alleged that Gladden Farm, LLC assigned any rights or duties under the contracts, *Cf. Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 128 S. Ct. 2531, 171 L. Ed. 2d 424 (2008) (finding that assignees have first-party standing even though litigation proceeds would be returned to assignor).

[13] This Court will grant a motion for leave to file a second amended complaint that adds Gladden Farm LLC under Counts I and II or otherwise fulfills Plaintiffs' third-party standing to bring Counts I and II. As is reflected in this Court's analysis of the Maryland Deceptive Trade Practices Act, it is doubtful that Gladden Farms would qualify as a "consumer" under Count III. *See Morris v. Osmose Wood Preserving*, 340 Md. 519, 540-41, 667 A.2d 624, 635 (1995) (finding that builders cannot sue manufacturers under the MDTPA as it is only the ultimate consumer who holds the protected interest in the personal, family, household, or agricultural uses of the goods or services).

## B. Authority to Sue under the Maryland Deceptive Trade Practices Act (Count III)

As this question of Plaintiffs' authority to sue under the Maryland Deceptive Trade Practices Act ("MDTPA"), Md. Code, Commercial Law § 13-301, *et seq.*, does not implicate this Court's jurisdiction, Rule 12(b)(6) provides the appropriate standard of review. *See id.; Bluefeld,* No. PX-15-2857, 2017 WL 1546406, at *4 n.2. Plaintiff must therefore make out a plausible claim to relief under the statute, and this Court should accept as true all well-pled factual allegations. *Iqbal,* 556 U.S. at 678. The MDTPA provides, "A person may not engage in any unfair or deceptive trade practice, as defined in this subtitle or as further defined by the Division, in . . . [t]he sale, lease, rental, loan, or bailment of any consumer goods, consumer realty, or consumer services." *Id.* § 13-303.[14] "Consumer services" includes any "[b]uilding repair or improvement service" that is provided "primarily for personal, household, family, or agricultural purposes." *Id.* §§ 13-101(d)(1) and (j)(1). "A consumer who is subjected to a violation of [the MDTPA]" is authorized to enforce the act by filing a complaint in court. *Id.* § 13-401. The term "consumer" is defined as "an actual or prospective purchaser, lessee, or recipient of consumer goods, consumer services, consumer realty, or consumer credit." *Id.* § 13-101(c)(1).

Mr. Klausmair argues that the Plaintiffs have failed to establish that the roofing services were "primarily for personal, household, family, or agricultural purposes," *id.* § 13-101(d)(1), and to show that the Plaintiffs, who were not parties to the construction contract, are "consumer[s]" under § 13-101(c)(1). As to the purpose of the roofing services, this court

---

[14] On October 1, 2018, a recent amendment adding, *inter alia*, "abusive" to the list of prohibited trade practices in § 13-303 will take effect. *See* Financial Consumer Protection Act of 2018, 2018 Maryland Laws Ch. 731 (H.B. 1634). The other statutory provisions in at issue in the instant motion, however, have not been altered.

14

must accept as true the allegations that the home was being renovated "for use as [the Plaintiffs'] primary residence" and that the contract involved "work on Plaintiffs' home." (ECF No. 1 at ¶ 1.) This allegation plausibly fulfills the definition of "consumer services" under § 13-101(d)(1). In terms of the definition of "consumer," the statute's broad language reaches a "*prospective* purchaser, *lessee*, or *recipient* of . . . consumer services," Md. Code, Commercial Law § 13-101 (emphasis added). Plaintiffs, who own the property and who intend to live in the home once renovated, are plausibly "recipients" of the roofing services at issue.

That Gladden Farm, LLC initially contracted for the work does not change the analysis. The statute itself does not require contractual privity, and the Maryland Court of Appeals has observed that "one who directly sells or offers to sell to consumers" is not "the only entity that can engage in a deceptive trade practice." *Morris v. Osmose Wood Preserving*, 340 Md. 519, 541, 667 A.2d 624, 635 (1995). For example, "[i]t is quite possible that a deceptive trade practice committed by someone who is not the seller would so infect the sale or offer for sale to a consumer that the law would deem the practice to have been committed 'in' the sale or offer for sale." *Id.; see also Backyard Paradise of Edgewood, Inc. v. Walker*, No. 1544, Sept. Term 2016, 2018 WL 300405, at *8 (Md. Ct. Spec. App. Jan. 5, 2018), *cert. denied*, 458 Md. 582, 183 A.3d 157 (2018) ("Liability under the Consumer Protection Act extends to third parties where his actions were so integral that the sale of consumer goods would not have proceeded without their involvement."); *Lawley v. Northam*, No. ELH-10-1074, 2011 WL 6013279, at *20 (D. Md. Dec. 1, 2011) (finding that residents of property, which was actually purchased by a relative, were "consumers" when the defendants engaged directly with the prospective residents). In this case, the Plaintiffs, whether acting in personal or

15

representative capacities, allegedly communicated directly with the Defendants regarding their qualifications for the job. (ECF No. 23-1 at ¶ 7-8; ECF No. 1 at ¶ 6.) Plaintiffs further allege that they would have refused to allow the work had they "known that Klausmair was unlicensed and that he would use unskilled and unqualified workers to perform the work on Plaintiffs' home." (ECF No. 23-1 at ¶ 35.) Notwithstanding the involvement of Gladden Farms, LLC, the Defendants' statements directly to the Plaintiffs were integral to their acceptance of the roofing services performed on their home. *Morris,* 340 Md. at 541; *Backyard Paradise,* 2018 WL 300405, at *8; *Lawley,* 2011 WL 6013279, at *20. Plaintiffs have therefore plausibly established their *own* authority to bring a claim under the MDTPA.

### C. Real Parties in Interest under Rule 17(a)

Mr. Klausmair's challenge under Rule 17(a) that the Plaintiffs are not the "real party in interest" rests on the same standing and statutory arguments addressed above. Rule 17(a)(1) requires that an action "be prosecuted in the name of the real party in interest," and explicitly provides that "a party authorized by statute" fulfills this requirement even if the action is intended to benefit a non-party. Fed. R. Civ. P. 17(a)(1). The purpose of the real party in interest requirement is to ensure that the action is brought by "a person who possesses the right to enforce the claim and who has a significant interest in the litigation." *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973).

In this case, the Plaintiffs are authorized by the MDTPA to bring a claim against the Defendants, *see supra*, and they have a "significant interest" in vindicating those rights based on the alleged damage to their home. Accordingly, Defendant's effort to dismiss this entire action for noncompliance with Rule 17 fails.

16

## D. Mr. Klausmair Individually

Mr. Klausmair's Motion to Dismiss seeks to dismiss the entire action because "Plaintiffs erroneously sued the wrong defendant, Kurt Klausmair in his individual capacity." (ECF No. 12 at 13.) While the Amended Complaint partially addresses this argument by *adding* Klausmair Construction, LLC as a Defendant, the Amended Complaint *retains* "Kurt Klausmair d/b/a Klausmair Construction" as a Defendant. (ECF No. 23-1.) Having already dismissed Counts I and II, this Court must now determine whether Count III of the Amended Complaint states a plausible claim against Mr. Klausmair in his *individual* capacity.[15]

The Amended Complaint largely alleges that both Kurt Klausmair and Klausmair Construction LLC (collectively, "Defendants") acted in concert throughout the transaction. For example, the Amended Complaint asserts:

> Plaintiffs[] discussed with Defendants whether Defendants were qualified to and could complete work on Gladden Farm which Plaintiffs had begun to renovate so that they could make it their permanent residence. Defendants assured Plaintiffs that they were qualified, could perform the work competently and provided them a quote for performing the work.

(ECF No. 23-1 at ¶ 7). Regarding Mr. Klausmair's alleged deceptive and unfair trade practices under the MDTPA, the Amended Complaint states that "[h]ad Plaintiffs been aware that the contract which they executed was sold by an unlicensed salesmen, that it was illegal under Maryland law and that Defendants were not qualified to perform the work, they never would have executed the contract for the roofing work." (*Id.* ¶ 33.) As Mr. Klausmair is alleged to have been involved in all stages of the transaction, it is reasonable to infer that

---

[15] In reply (ECF No. 26 at 4-5), Mr. Klausmair re-characterizes this issue as a matter of the Plaintiffs' "standing" and "subject-matter jurisdiction" in an apparent attempt to have this Court consider Mr. Klausmair's Declarations (ECF Nos. 22, 27), documents that are outside the pleadings and not integral thereto. This attempt is misguided and unfounded, *see Lexmark*, at 572 U.S. at 128 n.3 and n.4, so this Court will disregard these submissions.

Mr. Klausmair is the "unlicensed salesm[a]n" who deceived the Plaintiffs. As addressed above, the Plaintiffs have attached numerous documents to the Amended Complaint. The construction contract (ECF No. 23-1 at 24) and check (ECF No. 23-1 at 29) both indicate that "Klausmair Construction" transacted with "Gladden Farm, LLC" in providing the roofing services at issue. Rather than rule out Mr. Klausmair as a Defendant, these documents are consistent with *both* Defendants' involvement in the transaction at issue.[16] The Plaintiffs have therefore stated a plausible claim that Kurt Klausmair, doing business as "Klausmair Construction," is liable under the Maryland Deceptive Trade Practices Act, Md. Ann. Code, Commercial Law § 13-301, *et seq*. Mr. Klausmair's Motion to Dismiss is therefore DENIED IN PART, and Count III will proceed against both Defendants.

**E. Transfer**

Mr. Klausmair's Motion to Dismiss also contends that any remaining claims should be transferred to the Eastern District of Pennsylvania, where Klausmair Construction, LLC had commenced a suit against Gladden Farm, LLC and Mr. Riston regarding the same underlying dispute at issue in this case. Mr. Klausmair invokes the "first-to-file rule" and the broader considerations for transferring venue.

The "first-to-file rule" provides that when "choosing among possible venues when parallel litigation has been instituted in separate courts," priority goes "to the party who first establishes jurisdiction." *LWRC Int'l, LLC v. Mindlab Media*, LLC, 838 F. Supp. 2d 330, 337–38 (D. Md. 2011) (quoting *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir.

---

[16] Without leave, the Plaintiffs filed an untimely supplement inviting this Court to consider various documents related to the bank account associated with the check from "Klausmair Construction" (ECF Nos. 25-1 through 25-4), but again, this Court cannot consider those documents under Rule 12(b)(6). The Plaintiffs also contend that Mr. Klausmair is individually liable under the Maryland Code, Business Regulation, § 8-301, *et seq*. (*see* ECF No. 23 at 1-2; ECF No. 24-1 at 7), but the Amended Complaint does not seek relief under this statutory provision.

18

1993); *see also Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems.*, 140 F.2d 47, 49 (4th Cir. 1944). Similarly, 28 U.S.C. § 1404(a) only permits transfer of a case to jurisdictions where "it might have been brought," which requires personal jurisdiction. *D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 778 (D. Md. 2009); *see also* Wright & Miller, *Forums to which Transfer Possible*, 15 Fed. Prac. & Proc. Juris. § 3845 (4th ed.) (observing that "courts are uniform in requiring that the transferee have personal jurisdiction over the defendant").

While the Pennsylvania action may have been filed first, that action has since been dismissed for lack of personal jurisdiction. *Klausmair Constr., LLC v. Gladden Farm, LLC*, No. 5:18-CV-00358, 2018 WL 3707380, at *5 (E.D. Pa. Aug. 3, 2018). Mr. Klausmair has therefore failed to fulfill the jurisdictional requirements for the requested transfer of this case. *D2L*, 671 F. Supp. 2d at 778. Accordingly, Mr. Klausmair's transfer request is DENIED.

### III. Motion for Partial Summary Judgment as to Count II

This Court has already dismissed Count II (breach of settlement agreement) for lack of standing (*see supra*; ECF No. 23-1 at 28-29 (showing alleged settlement check was made payable to Gladden Farm, LCC, not Mr. Riston or Dr. Hartman)), so the Plaintiffs' Motion for Partial Summary Judgment on that count must therefore be DENIED.

### CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Amend Complaint (ECF No. 23) is GRANTED. Mr. Klausmair's Motion to Dismiss (ECF No. 20), as applied to the three counts and two defendants contained in the Amended Complaint, is MOOT IN PART, GRANTED IN PART, and DENIED IN PART. Specifically, the Amended Complaint removes the warranty claim (Count III of the original Complaint) and adds

Klausmair Construction, LLC – thereby rendering moot Mr. Klausmair's challenges on those grounds. Mr. Klausmair's Motion to Dismiss is granted with respect to the contract claims (Counts I and II) due to Plaintiffs' lack of standing, and Counts I and II are DISMISSED WITHOUT PREJUDICE. The Motion to Dismiss is denied as to the Maryland Deceptive Trade Practices Act count (Count III of the Amended Complaint). Count III of the Amended Complaint will therefore proceed against Mr. Klausmair and Klausmair Construction, LLC. Additionally, Mr. Klausmair's request to transfer this case (*see* ECF No. 20 at 13-21) is also DENIED. Finally, the Plaintiffs' Motion for Partial Summary Judgment on Count II (ECF No. 30) is DENIED.

    A separate Order follows.


Date: September 11, 2018                                   \_/s/_____
                                                                 Richard D. Bennett
                                                                 United States District Judge